ALONZO BINKLEY, JR., Plaintiff in Error, *v.* STATE OF TENNESSEE.

(*Nashville,* December Term, 1955.)

Opinion filed February 3, 1956.

H. TOM KITTRELL and J. M. GRISSIM, both of Nashville, for defendant.

NAT TIPTON, Advocate General, for the State.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

The defendant was indicted for highway robbery but was convicted of petit larceny and his punishment was fixed at 11 months and 29 days in the workhouse and a $10 fine, from which he has appealed.

The statement of the case by the Attorney General follows:

"The testimony is rather brief, plaintiff in error having introduced no testimony whatsoever. The prosecutor, a young man, testifies that he was on Clay Street and stopped his car to examine an automobile which resembled one which had been stolen from him. His testimony is that when he got out of the car he was struck with some character of weapon and rendered unconscious. He had $61.00 in his billfold but when he regained consciousness, it was handed to him by some woman and was devoid of his $61.00. A witness who operated a restaurant near where the assault occurred, testified that hearing the commotion she ran to the street and there saw the prosecutor with the plaintiff in error's arm around him and also saw a waitress in her establishment hand him his pocketbook. She testified that while there were several in the vicinity, plaintiff in error was the only one who had hold of the prosecutor."

In our opinion the evidence is entirely insufficient to justify affirmance of this conviction. The State suggests that if the defendant's attitude was only that of a good Samaritan, as is suggested by counsel for defendant, it would have been easy for him to have explained the incriminating circumstances which he failed to do not having taken the stand. The evidence is not a verbatim transcript but is a bare statement in narrative form. There is nothing in this narration of the evidence to suggest guilt any more than it suggests the role of any citizen coming to the aid of another. The State apparently failed to offer any evidence to characterize the conduct of the defendant at the time or immediately subsequent thereto.

Reversed and remanded for a new trial.